## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 4:96CV02225 SNL |
| **v.** | ) | |
| | ) | Judge Limbaugh |
| **RICHARD C. NEISWONGER,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

~~(Proposed)~~

### *EX PARTE* TEMPORARY RESTRAINING ORDER
### WITH ANCILLARY EQUITABLE RELIEF

On February 28, 1997, pursuant to the stipulation of the parties, this Court entered its

Final Judgment and Order for Permanent Injunction ("Permanent Injunction") in this case.

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), has moved for an *ex parte*

Temporary Restraining Order with Ancillary Equitable Relief and an Order to Show Cause why

Defendant Richard C. Neiswonger ("Neiswonger"), William S. Reed ("Reed"), and Asset

Protection Group, Inc. ("APG" or "Receivership Defendant") (collectively, "Contempt

Defendants"), should not be held in civil contempt for violating that Permanent Injunction.

The Court has considered Plaintiff's Motion for Temporary Restraining Order with

Ancillary Equitable Relief, and the declarations, exhibits, and memorandum of law submitted in

support thereof, and finds as follows:

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____
DEPUTY CLERK

1.     This Court has jurisdiction over this matter for all purposes, as specifically reserved in Paragraph XIII ("Retention of Jurisdiction") of the Permanent Injunction.

2.     There is good cause to believe that Contempt Defendants have actual notice of the Permanent Injunction and the ability to comply with that order.

3.     There also is good cause to believe that Contempt Defendants have violated, and continue to violate, the Permanent Injunction. The evidence submitted with Plaintiff's *ex parte* Motion for Temporary Restraining Order and its Motion for Order to Show Cause, and the supporting memoranda, shows that Contempt Defendants have engaged in prohibited activity in advertising, marketing, promoting, and selling the APG training and business opportunity program, in violation of Paragraphs I and II of this Court's Permanent Injunction. There is also good cause to believe that Contempt Defendant Neiswonger has further violated the Permanent Injunction by failing to provide proof of a current $100,000 performance bond before marketing the APG Program, in violation of Paragraph V of the Permanent Injunction.

4.     The FTC has not provided notice to Contempt Defendants of its Motions due to the likelihood that advance notice of this action will lead to the dissipation of assets and the destruction of property or evidence. The FTC's request for *ex parte* relief is premised on Contempt Defendants' continuing order violations, their touted expertise in protecting assets from seizure, and their prior records of dishonest conduct relating to the concealment of assets. Based on the foregoing, there is good cause to issue this order on an *ex parte* basis.

5.     The Court has considered the FTC's likelihood of ultimate success and weighed the equities, and finds that a temporary restraining order providing for an asset freeze, the appointment of a temporary Receiver, the preservation of business records, financial disclosures,

2

expedited discovery, and other equitable relief is in the public interest.

6.      FED. R. CIV. P. 65(c) does not require security of the United States or an officer or agency thereof.

## DEFINITIONS

For the purposes of this Temporary Restraining Order, the following definitions apply:

A.      "APG Program" means the training and business opportunity program marketed and sold by Contempt Defendants, including the training session, course of instruction, class material, and business affiliation provided therein.

B.      "Assets" means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Contempt Defendants, or held for the benefit of Contempt Defendants, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts,  and all cash and currency, or other assets, or any interest therein, wherever located.

C.      "Contempt Defendants" means Richard C. Neiswonger, William S. Reed, and Asset Protection Group, Inc., and each of them, individually and jointly, and their successors and assigns.

D.      "Document" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise) of any written, typed, printed, transcribed, taped, recorded, computer-stored, or graphic matter of any kind, including but not limited to any books, records, writings, correspondence, handwritten notes, appointment books, day books, diaries, receipts and receipt books, cancelled checks and

3

check registers, bank statements, accounting data, ledgers, corporate documents, tax returns, contracts, files, invoices, tabulations, phone logs, phone scripts, advertisements, marketing materials, membership records and lists, refund records, drawings, graphs, charts, photographs, audio and video recordings, manuals, guides, outlines, code books, electronically-stored records, computer media, servers, e-mail, print-outs, and any other kinds of data compilations or papers.

      E.     "Program" means any training session, course of instruction, class material, computer software, affiliation, association, newsletter, period of support, joint venture opportunity or combination thereof advertised, marketed, offered or sold by any of the Contempt Defendants.

      F.     "Receiver" or "Temporary Receiver" shall mean the temporary receiver appointed in Paragraph V of this Order. The term "temporary receiver" also includes any deputy receivers or agents as may be named by the temporary receiver.

      G.     "Receivership Defendant" means Asset Protection Group, Inc. and its subsidiaries, affiliates, divisions, successors, and assigns.

# I.
# CONDUCT PROHIBITIONS

**IT IS HEREBY ORDERED** that Contempt Defendants, their successors and assigns, officers, agents, servants and employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with advertising, promoting, marketing, offering for sale, selling, or otherwise inducing participation in the APG Program or any other program are hereby temporarily restrained and enjoined from:

A.     misrepresenting, directly or by implication, any material fact, including, but not limited to, any representation that consumers will earn a six-figure income, a $150,000 income, or words of similar import, from participation in any program; and

B.     failing to disclose to consumers in advance of any purchase all material facts, including, but not limited to, the amount of remuneration or any other benefit received by each reference whose name is provided to the prospective purchaser.

## II.
## ADDITIONAL CONDUCT PROHIBITIONS
## WITH RESPECT TO DEFENDANT NEISWONGER

Defendant Neiswonger is further temporarily restrained and enjoined from advertising, marketing, offering for sale or selling the APG Program or any other program until he provides proof of a performance bond in the principal sum of $100,000, made in favor of the Federal Trade Commission for the benefit of any party injured as a result of any violation of the Permanent Injunction.

## III.
## ASSET FREEZE

**IT IS FURTHER ORDERED** that Contempt Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any assets, wherever located, including outside the United States, that are (1) owned or controlled, directly or indirectly, by any Contempt Defendant, in whole or in part, or held, in whole or in part for the benefit of Contempt Defendants; (2) in the

5

actual or constructive possession of any Contempt Defendant; or (3) owned, controlled by, or in

the actual or constructive possession of any corporation, partnership, or other entity directly or

indirectly owned, managed, or controlled by, or under common control with any Contempt

Defendant, including but not limited to, any assets held by, for, or under the name of any

Contempt Defendant at any bank, savings and loan institution, or Contempt Defendant bank, or

with any broker-dealer, escrow agent, title company, commodity trading company, precious

metal dealer, or other financial institution or depository of any kind;

B.     Opening or causing to be opened any safe deposit boxes titled in the name of any

Contempt Defendant, or subject to access by Contempt Defendants;

C.     Incurring charges or cash advances on any credit card, debit card, or checking card

issued in the name, singly or jointly, of any Contempt Defendant;

D.     Obtaining a personal or secured loan;

E.     Incurring liens or encumbrances on real property, personal property or other assets

in the name, singly or jointly of any Contempt Defendant; and

F.     Cashing any checks from consumers for programs or asset protection products or

services, or any combination thereof.

The assets affected by this Paragraph shall include (a) all assets of Contempt Defendants

as of the time this Order is entered; and (b) those assets obtained after entry of this Order that are

derived from any conduct that violates the Permanent Injunction.  This Paragraph does not

prohibit transfers to the Receiver, as specifically required in Paragraphs VII and XI of this Order.

## IV.
## RETENTION OF ASSETS BY FINANCIAL INSTITUTIONS
## AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, escrow agent,

title company, commodity trading company, trust, entity, or person that holds, controls or

maintains custody of any account or asset owned or controlled by any Contempt Defendant, or

has held, controlled or maintained any account or asset of, or on behalf of, any Contempt

Defendant at any time since the entry of this Court's Permanent Injunction on February 28, 1997,

upon service with a copy of this Order, shall:

      A.     Hold and retain within its control and prohibit Contempt Defendants from

withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating,

converting, selling, gifting, or otherwise disposing of any of the assets, funds, or other property

held by or on behalf of any Contempt Defendant in any account maintained in the name of or for

the benefit of any Contempt Defendant, in whole or in part, except:

          1.     as directed by further order of the Court;

          2.     as directed in writing by the Receiver (regarding assets held in the name or for the

benefit of Receivership Defendants); or

      B.     Deny the Contempt Defendants access to any safe deposit box titled in the name

of any Contempt Defendant, individually or jointly, or subject to access by any Contempt

Defendant, whether directly or indirectly;

      C.     Provide counsel for Plaintiff[1] and the Receiver, within three (3) business days

---

    [1]    Counsel for Plaintiff means FTC attorneys Joshua S. Millard and Melinda A.
Claybaugh, and any other FTC attorneys who appear in this action after the entry of this Order.
Counsel for Plaintiff's mailing address for all materials mailed pursuant to this Order is 601 New

after being served with a copy of this Order, a certified statement setting forth:

    1.    the identification number of each such account or asset titled (1) in the name,
individually or jointly, of any Contempt Defendant; (2) held on behalf of, or for the
benefit of, any Contempt Defendant; (3) owned or controlled by any Contempt
Defendant; or (4) otherwise subject to access by any Contempt Defendant, directly or
indirectly;

    2.    the balance of each such account, or a description of the nature and value of such
asset as of the close of business on the day on which this Order is served, and, if the
account or other asset has been closed or removed, the date closed or removed, the total
funds removed in order to close the account, and the name of the person or entity to
whom such account or other asset was remitted; and

    3.    the identification of any safe deposit box that is either titled in the name of any
Contempt Defendant, or is otherwise subject to access by any Contempt Defendant;

    4.    if an account, safe deposit box, or other asset has been closed or removed, the date
closed or removed, the balance on such date, and the manner in which such account or
asset was closed or removed.

    D.    Provide counsel for Plaintiff or the Receiver, within three (3) business days after
being served with a request, copies of all documents pertaining to such account or asset,
including but not limited to originals or copies of account applications, account statements,
signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit

---

Jersey Ave., N.W., Suite NJ-2122, Washington, D.C. 20001. Counsel for Plaintiff's fax number
is (202) 326-2558.

and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box

logs; *provided that* such institution or custodian may charge a reasonable fee not to exceed ten

cents per page copied.

     E.    Cooperate with all reasonable requests of the Receiver relating to this Order's

implementation.

## V.
## APPOINTMENT OF TEMPORARY RECEIVER

    **IT IS FURTHER ORDERED** that _Robb Evans_ is appointed

temporary Receiver for Receivership Defendant Asset Protection Group, Inc., and any affiliates

or subsidiaries thereof that the Receivership Defendant controls, with the full power of an equity

Receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in

acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

The Receiver shall comply with all local rules and laws governing federal equity receivers.

## VI.
## DUTIES AND AUTHORITY OF RECEIVER

    **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

    A.    Assume full control of the Receivership Defendant by removing, as the Receiver

deems necessary or advisable, any director, officer, independent contractor, employee, attorney,

or agent of the Receivership Defendant, including any Contempt Defendant(s), from control of,

management of, or participation in, the affairs of the Receivership Defendant.

    B.    Take exclusive custody, control and possession of all assets and documents of, or

in the possession, custody, or under the control of, the Receivership Defendant, wherever

situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant.

     C.    Take all steps necessary to secure the business premises of the Receivership Defendant, which may include, but are not limited to, taking the following steps as the Receiver deems necessary or advisable: (1) serving and filing this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video-recording all portions of the location; (5) changing the locks and disconnecting any computer modems or other means of access to the computer or other documents maintained at that location; or (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendant. Such authority shall include, but not be limited to, the authority to order any owner, director, or officer of any Receivership Defendant to remove him or herself from the business premises.

     D.    Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers, including, but not limited to, obtaining an accounting of the

assets and preventing transfer, withdrawal, or misapplication of assets.

E.   Enter into contracts and purchase insurance as advisable or necessary.

F.   Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant.

G.   Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents.

H.   Choose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

I.   Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments.

J.   Collect any money due or owing to the Receivership Defendant.

K.   Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and

11

advisable to preserve or recover the assets of the Receivership Defendant or to carry out the Receiver's mandate under this Order.

L.   Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against the Receivership Defendant or the Receiver, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendant or to carry out the Receiver's mandate under this Order.

M.   Continue and conduct the businesses of the Receivership Defendant in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably, using the assets of the receivership estate, and lawfully, if at all.

N.   Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership and compliance with this Order and the Permanent Injunction.  Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver.

O.   Open one or more bank accounts as designated depositories for funds of the Receivership Defendant. The Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account.

P.   Maintain accurate records of all receipts and expenditures made by the Receiver.

## VII.
## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them,

12

the Contempt Defendants, including the Receivership Defendant, shall forthwith or within such

time as permitted by the Receiver in writing, deliver to the Receiver possession and custody of:

    A.    All funds, assets, and property of the Receivership Defendant, whether situated

within or outside the territory of the United States, which are: (1) held by Receivership

Defendant, individually or jointly, (2) held for the benefit of Receivership Defendant, or

(3) under Receivership Defendant's direct or indirect control, individually or jointly;

    B.    All documents of the Receivership Defendant, including but not limited to all

books and records of assets including funds and property, all financial and accounting records,

balance sheets, income statements, bank records (including monthly statements, canceled checks,

records of wire transfers, records of ACH transactions, and check registers), corporate minutes,

contracts, customer and consumer lists, title documents, and electronic records;

    C.    All funds and other assets belonging to members of the public now held by the

Receivership Defendant;

    D.    All keys, computer and other passwords, entry codes, combinations to locks

required to open or gain access to any of the property or effects, and all monies in any bank

deposited to the credit of the Receivership Defendant, wherever situated; and

    E.    Information identifying the accounts, employees, properties, or other assets or

obligations of the Receivership Defendant.

## VIII.
## TRANSFER OF FUNDS TO THE RECEIVER
## BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

    IT IS FURTHER ORDERED that, upon service of a copy of this Order, any financial or

brokerage institution or depository, escrow agent, title company, commodity trading company, or

trust shall cooperate with all reasonable requests of counsel for Plaintiff and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendant.

## IX.
## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Contempt Defendants shall fully cooperate with and assist the Receiver. Contempt Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer or electronic files or information in any medium; or advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Receiver. Contempt Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendant;

B.    Excusing debts owed to the Receivership Defendant;

C.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendant;

D.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Receiver;

E.    Failing to notify the Receiver of any asset, including accounts, of a Receivership

14

Defendant held in any name other than the name of the Receivership Defendant or by any person

or entity other than the Receivership Defendant or failing to provide any assistance or

information requested by the Receiver in connection with obtaining possession, custody, or

control of such assets; or

     F.     Doing any act or thing whatsoever to interfere with the Receiver's taking and

keeping custody, control, possession, or managing of the assets or documents subject to this

receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner

with the exclusive jurisdiction of this Court over the assets or documents of the Receivership

Defendant; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in

the exercise of their duties or authority under any Order of this Court.

     This Paragraph does not prohibit transfers to the Receiver, as specifically required in

Paragraphs VII and XI of this Order.

## X.
## FINANCIAL REPORTS

     **IT IS FURTHER ORDERED** that each Contempt Defendant shall, within two (2)

business days after service of this Order, prepare and serve on counsel for Plaintiff and the

Receiver:

     A.     Completed financial statements fully disclosing their own finances and those of

all corporations, partnerships, trusts or other entities that they now own, control, or are associated

with in any capacity on the forms attached to this Order as **Attachments A and B**, accurate as of

the date of service of this Order upon Contempt Defendants; and

     B.     Copies of signed and completed federal and state income tax forms, including all

schedules and attachments for the three most recent filing years.

Contempt Defendants shall provide copies of such other financial statements as the Receiver or Plaintiff may, from time to time, request in order to monitor Contempt Defendants' compliance with the provisions of this Order.

## XI.
## FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that, within three (3) business days following the service of this Order, each Contempt Defendant shall:

A.   Provide counsel for Plaintiff and the Receiver with a full accounting of all funds and assets outside of the territory of the United States which are held either: (1) by Contempt Defendant; (2) for Contempt Defendant's benefit; or (3) under Contempt Defendant's direct or indirect control, individually or jointly, as required by the forms included in **Attachments A and B**;

B.   Transfer to the territory of the United States all such funds and assets in foreign countries; and

C.   Hold and retain all repatriated funds and assets, and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds, except as required by this Order.

Contempt Defendants shall provide access to records and documents held by financial institutions outside the territorial United States, by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**, immediately upon service of this Order upon them, or within such time as permitted by the Receiver or counsel for Plaintiff in writing.

16

## XII.
## NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Contempt Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Paragraph XI of this Order, including but not limited to:

    A.    Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Paragraph XI of this Order; and

    B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Paragraph XI of this Order.

## XIII.
## RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction or the hearing to Show Cause regarding the Contempt Motion, whichever occurs first, on: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendant; (3) the sum of all liabilities of the Receivership Defendant;

(4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Defendant; (b) pursue receivership assets from third parties; and (c) adjust the liabilities of the Receivership Defendant, if appropriate; and (5) any other matters which the Receiver believes should be brought to the Court's attention. Provided, however, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XIV.
## RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $100,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XV.
## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of- pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendant. The Receiver shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of any report required by Paragraph XIII. The Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

18

## XVI.
## RECEIVER AND COMMISSION ACCESS TO
## BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that Contempt Defendants shall allow counsel for

Plaintiff, the Receiver, and their respective representatives, agents, contractors, or assistants,

immediate access to any business premises and storage facilities owned, controlled, or used by

the Receivership Defendant as well as any other location where the Receivership Defendant has

conducted business and where property or business records are likely to be located.  Such

locations include, but are not limited to, the offices and facilities of the Receivership Defendant

at or in the vicinity of 4601 West Sahara Avenue, Las Vegas, NV, 89102.

Counsel for Plaintiff and the Receiver are authorized to employ the assistance of law

enforcement officers as deemed necessary, to effect service and to implement peacefully the

provisions of this Order.  The Receiver shall allow counsel for Plaintiff into the premises and

facilities described in this Paragraph and shall allow counsel for Plaintiff and its representatives,

agents, contractors, or assistants to inspect, inventory, and copy documents relevant to any matter

contained in the Permanent Injunction.  Counsel for Plaintiff and the Receiver may exclude

Contempt Defendants and their agents and employees from the business premises and facilities

during the immediate access.

Contempt Defendants and all agents or employees of Contempt Defendants shall provide

counsel for Plaintiff and the Receiver with any necessary means of access to documents,

including, without limitation, the locations of Contempt Defendants' business premises, keys and

combinations to business premises locks, computer access codes of all computers used to

conduct Receivership Defendant's business, and storage area access information.

19

The Receiver and counsel for Plaintiff shall have the right to remove any documents related to Contempt Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within three (3) business days of completing said inventory and copying.

If any property, records, documents, or computer files relating to the Receivership Defendant's finances or business practices are located in the residence of any Contempt Defendant or are otherwise in the custody or control of any Contempt Defendant, then such Contempt Defendant shall produce them to the Receiver within twenty-four (24) hours of service of this Order.

## XVII.
## DEFENDANTS' ACCESS TO BUSINESS PREMISES AND RECORDS

IT IS FURTHER ORDERED that the Receiver shall allow the Contempt Defendants and their representatives reasonable access to the premises of the Receivership Defendant. The purpose of this access shall be to inspect, inventory, and copy any and all documents and other property owned by or in the possession of the Receivership Defendant, provided that those documents and property are not removed from the premises. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XVIII.
## PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that Contempt Defendants and their successors, assigns, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation or other device, are temporarily restrained and enjoined from

20

destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or finances of any Contempt Defendant.

## XIX.
## DISCOVERY

**IT IS FURTHER ORDERED** that Plaintiff is permitted to conduct the following expedited discovery:

A.     Depositions and subpoenas related to the assets of Contempt Defendants; and

B.     Depositions of Contempt Defendants and their employees related to Contempt Defendants' compliance with the Court's Permanent Injunction.  Plaintiff is granted leave, pursuant to the Federal Rules of Civil Procedure 30(a), to take said depositions in any judicial district, at any time after the date of this Order, upon three (3) calendar days' notice.

## XX.
## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any of Contempt Defendants to counsel for Plaintiff or the Receiver.

## XXI.
## BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that, in light of the appointment of the Receiver, the Receivership Defendant is hereby prohibited from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XXII.
## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this Court, during the pendency of the Receivership ordered herein, Contempt Defendants and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right or interest against or on behalf of Contempt Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees be and are hereby stayed from:

1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

3.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4.      Doing any act or thing whatsoever to interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this

22

receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant.

B.     This Paragraph does not stay:

1.     The commencement or continuation of a criminal action or proceeding;

2.     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.     The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

5.     The issuance to a Contempt Defendant of a notice of tax deficiency.

## XXIII.
## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission or email, by employees or agents of the FTC or the Receiver, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Contempt Defendants, or that may otherwise be subject to

any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.
## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT(S)

IT IS FURTHER ORDERED that each Contempt Defendant, within three (3) business days of receipt of this Order, must submit to counsel for Plaintiff a truthful sworn statement acknowledging receipt of this Order.

## XXV.
## PROOF OF DISTRIBUTION OF
## TEMPORARY RESTRAINING ORDER
## BY CONTEMPT DEFENDANTS

IT IS FURTHER ORDERED that Contempt Defendants shall immediately provide a copy of this Order to their agents, servants, employees, consultants, and any affiliated businesses, and other persons and entities subject in any part to their direct or indirect control. Within five (5) business days of receipt of this Order, Contempt Defendants must submit to counsel for Plaintiff a truthful sworn statement identifying those persons and entities to whom this Order has been distributed.

## XXVI.
## EXPIRATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein expires ten (10) days after entry unless, within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is extended with the consent of the parties.

## XXVII.
## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that each of the Contempt Defendants shall appear

before this Court on the _26__ day of ___July___, 2006, at _9:00_.m. at the Thomas F.

Eagleton Courthouse of the United States District Court for the Eastern District of Missouri, 111

South 10th Street, Room _____, St. Louis, MO 63102, to show cause, if any there be, why this

Court should not enter a Preliminary Injunction, pending a final ruling on Plaintiff's Motion for a

Civil Contempt Order against Contempt Defendants.

## XXVIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** the Court shall continue to retain jurisdiction of this

matter for all purposes.

**IT IS SO ORDERED**, this _17__ day of ___July___, 2006, at _3_ .P.m.

_____
STEPHEN N. LIMBAUGH
Senior United States District Judge
United States District Court for the
Eastern District of Missouri

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**      **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used _____

**Item 2.**      **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

*Employer's Name and Address* _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**      **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ *Social Security No.* _____ *Date of Birth* _____

**Item 4.**      **Contact Information**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.**         **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**         **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.**         **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

**Item 7. continued**

Income Received:  This year-to-date: $_____        _____: $_____

20____: $_____        _____: $_____

_____: $_____        _____: $_____


►Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____


Income Received:  This year-to-date: $_____        _____: $_____

20____: $_____        _____: $_____

_____: $_____        _____: $_____


►Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____


Income Received:  This year-to-date: $_____        _____: $_____

20____: $_____        _____: $_____

_____: $_____        _____: $_____


**Item 8.**        **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List *lawsuits that resulted in final judgments or settlements in Items 16 and 25*).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 9.**        **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

### Item 10.                    Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

### Item 11.        Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ *Position(s) Held, and By Whom* _____

▸Business' Name & Address _____

Business Format (*e.g.*, corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER:** "Assets" and "Liabilities" include **ALL** assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

**Item 12.**                    **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____          Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of  Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 13.**                    **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

**Item 14.**        **Publicly Traded Securities and Loans Secured by Them**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

## Item 15.     Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

## Item 16.     Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

## Item 17.     Other Amounts Owed to You, Your Spouse, or Your Dependents

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.**        **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.**        **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

*Account No.* _____ *Surrender Value* $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

**Item 20.**        **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 21.**        **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

*Original Loan Amount* $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 21. Continued**

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.**        **Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location _____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location _____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No. _____

*Lender's Name and Address*_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**        **Credit Cards**

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 24.**        **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

**Item 25.**        **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

**Item 26.**     **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____

Nature of Liability_____   Name(s) on Liability_____

Date of Liability_____   Amount Borrowed $_____   Current Balance $_____

Payment Amount $_____   Frequency of Payment_____

▸Name & Address of Lender/Creditor _____

Nature of Liability_____   Name(s) on Liability_____

Date of Liability_____   Amount Borrowed $_____   Current Balance $_____

Payment Amount $_____   Frequency of Payment_____


## OTHER FINANCIAL INFORMATION


**Item 27.**     **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|----------|-------------------|-----------------|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |


**Item 28.**     **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|------------------------|--------------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |


**Item 29.**     **Trusts and Escrows**

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

## Item 30.     Transfers of Assets

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

## SUMMARY FINANCIAL SCHEDULES

<u>Item 31.</u>       **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | | |
| Deferred Income Arrangements (Item 19) | $_____ | <u>Other Liabilities</u> (Itemize) | |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| | | _____ | $_____ |
| <u>Other Assets</u> (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

**Item 32.**    **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | | |
| Other Income (Itemize) | | Other Expenses (Itemize) | |
| | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

# ATTACHMENTS

<u>Item 33.</u>        **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

| <u>Item No. Document Relates To</u> | <u>Description of Document</u> |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                                    Signature

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.  Type or print legibly.

6.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

    (1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

    (2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

    (3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.        General Information

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page _____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until _____

Address_____ From/Until _____

Address_____ From/Until _____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

### Item 2.        Legal Information

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

### Item 3.        Registered Agent

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**         **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

Name & Address                                                                    % Owned

_____     _____

_____     _____

_____     _____

_____     _____

**Item 5.**         **Board Members**

List all members of the corporation's Board of Directors.

Name & Address                                          % Owned    Term (From/Until)

_____     _____    _____

_____     _____    _____

_____     _____    _____

_____     _____    _____

_____     _____    _____

**Item 6.**         **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

Name & Address                                                                    % Owned

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

**Item 7.**          **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**          **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**          **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

**Item 10.**     **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

**Item 11.**     **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

**Item 12.**     **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

**Item 13.**          **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

<u>Item 14.</u>        **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

<u>Item 15.</u>　　　　**Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>Item 16.</u>　　　　**Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>Item 17.</u>　　　**Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

<u>Item 18.</u>　　　　**Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### Item 19.    Financial Summary

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

### Item 20.    Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____    Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 21.    *Government Obligations and Publicly Traded Securities*

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $ _____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $ _____ Maturity Date _____

### Item 22.        Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit? _____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

*Other Loan(s) (describe)_____ Current Balance $_____*

Monthly Payment $_____ Rental Unit? _____ Monthly Rent Received $_____

### Item 23.        Other Assets

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

## Item 24.        Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

## Item 25.        Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**     **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.     Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| | |
| | |
| | |
| | |
| | |

## Item 29.     Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

## Item 30.     Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**       **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | | $_____ | | _____ |
| _____ | | $_____ | | _____ |
| _____ | | $_____ | | _____ |
| _____ | | $_____ | | _____ |
| _____ | | $_____ | | _____ |

**Item 32.**       **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____                    _____

(Date)                                      Signature


                                            _____

                                            Corporate Position

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____ of the State of _____ in the United States

of America, do hereby direct any bank or trust company at which I have a bank account of any

kind or at which a corporation or natural person has a bank account of any kind upon which I am

authorized or able to draw, and its officers, employees, and agents, to disclose all information

and deliver copies of all documents of every nature in your possession or control which relate to

the said bank accounts to any attorney or representative of the Federal Trade Commission and to

the Receiver appointed by the Court in this matter, and to give evidence relating thereto, in any

proceedings of *Federal Trade Commission v. Richard C. Neiswonger et al.*, 4:96CV02225 SNL,

before the United States District Court for the Eastern District of Missouri, and this shall be

irrevocable authority for so doing. This direction is intended to apply to the laws of countries

other than the United States which restrict or prohibit the disclosure of bank information without

the consent of the holder of the account, and shall be construed as consent with respect thereto,

and the same shall apply to any of the bank accounts for which I may be a relevant principal.


Dated: _____ , 2006


Signed:_____


Attachment C - FTC v. Neiswonger TRO